IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

V.  NO. 4:02-CR-00060-WRW
    4:06-CV-01298-WRW
    4:06-CV-01570-WRW

MARLIN LYNN BROWN

## ORDER

Pending are Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (Doc. Nos. 111, 112) and Motion to Appoint Counsel (Doc. No. 113).

### I. BACKGROUND

A jury convicted Petitioner of armed bank robbery, brandishing a firearm during a crime of violence, and felon in possession of a firearm. On March 19, 2004, Petitioner was sentenced to 346 months in prison. Petitioner filed an appeal and the Eighth Circuit Court of Appeals affirmed the judgment on May 24, 2005.[1] Petitioner did not seek a writ of certiorari.

Petitioner submitted a letter to the Court on September 18, 2006, which was docketed as a First Motion to Vacate Under 28 U.S.C. § 2255.[2] He also filed a Second Motion to Vacate Under § 2255 on November 1, 2006.[3]

---

[1] Doc. No. 101.

[2] Doc. No. 112.

[3] Doc. No. 111.

1

## II. DISCUSSION

### A. Second Motion to Vacate

There is a one-year status of limitations for actions brought under 28 U.S.C. § 2255.[4] Since the Eight Circuit Court of Appeals issued its judgment on May 24, 2005 and Petitioner did not petition the Supreme Court for a writ of certiorari, his one-year period to file a § 2255 motion began on August 24, 2005 and expired on August 24, 2006.

The Second Motion to Vacate Under § 2255 was filed outside the statute of limitations,

### B. First Motion to Vacate

The First Motion to Vacate Under 28 U.S.C. § 2255, although not received until August 28, 2006, is dated August 23, 2006. Therefore, I will consider the motion timely filed, and address the merits.

In his First Motion to Vacate, Petitioner conveys a narrative explaining his take on the events that occurred surrounding the bank robbery for which he was convicted and events that have occurred since that time. Petitioner asserts that a Mr. James Fairchild, now deceased, committed the crime; so, it appears that Petitioner is asserting a claim of actual innocence.

To establish a claim of actual innocence, Petitioner must "'support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial,' and demonstrate 'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"[5] Additionally, "a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction."[6] Plaintiff has failed to

---

[4] 28 U.S.C. § 2255, ¶6.

[5] *Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

[6] *Id.*

meet his burden, since he neither has supplied new reliable evidence to support his claim, nor rebutted the abundance of evidence that the jury relied on when convicting him.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (Doc. Nos. 111, 112) are DENIED. Petitioner's Motion to Appoint Counsel (Doc. No. 113) is DENIED as MOOT.

IT IS SO ORDERED this 27th day of April, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE